**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1494
_____

UNITED STATES OF AMERICA

v.

EDWIN WILLIAMS,
                              Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cr-00408-001)
District Court: Honorable W. Scott Hardy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on September 19, 2024

Before: RESTREPO, McKEE, SMITH, *Circuit Judges*

(Filed: April 23, 2025)

_____

OPINION[*]
_____


RESTREPO, *Circuit Judge*

    Appellant, Edwin Williams, entered a conditional guilty plea to a count of

---

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl and a quantity of a mixture and substance containing a detectable amount of cocaine, under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Although he generally waived his right to appeal, Appellant preserved the right to appeal the District Court's denial of his motion to suppress evidence of illegal narcotics recovered during a frisk. He was sentenced to 21 months in prison, to be served consecutively to a 24-month term of imprisonment that had been imposed for a separate offense, plus six years of supervised release.

Appellant now appeals the denial of his suppression motion. For the reasons that follow, we affirm.

## I.

A police officer pulled over Appellant for operating a vehicle with heavily tinted windows and driving with a suspended license.[1] The officer had previously stopped Appellant driving the same vehicle and had learned at that time that he had a suspended license. The officer had also been involved in a vehicle pursuit of Appellant. The officer was also familiar with Appellant's criminal history and knew that he had several drug and firearm-related arrests in the past.

The officer was driving a marked police vehicle that was equipped with a dashboard camera that was operating during the traffic stop, and the officer also activated

---

[1] The officer testified that the heavily tinted windows were a violation of the Motor Vehicle Code. In addition, he testified that as the vehicle passed his location, he "ran the registration plate" and discovered the owner of the vehicle, Appellant, had a suspended driver's license. Appx. 121.

his body-worn camera. As the officer approached the passenger side of the vehicle on foot, he carried a flashlight which he directed into Appellant's vehicle. A high-powered spotlight from his patrol vehicle also shined through the rear windshield of Appellant's vehicle. He testified that he saw Appellant slip a clear bag containing a white substance into his right pants pocket. The officer also testified that he saw Appellant's left hand going down towards the driver's side door.

The officer knocked on the passenger side window and asked Appellant what he just put in the door, but Appellant continued to reach down with his left hand. The officer advised him several times to put his hand on the steering wheel, but Appellant did not comply. At that time, because he feared Appellant may have been retrieving or concealing some type of weapon, the officer drew his firearm and again ordered Appellant to put both hands on the wheel. Appellant did not fully comply.

The officer then called for backup, and once backup arrived, Appellant was ordered out of the vehicle. As the officer was attempting to handcuff Appellant, Appellant reached towards his waistband area with his right hand, but the officer was ultimately able to handcuff him. The officer then frisked Appellant for weapons, and patted Appellant's left pocket, where he testified that he felt a large object that he determined was not a weapon. He then patted Appellant's right pocket, where he testified that he felt in the right change pocket a small amount of a powder substance. The officer testified that this was the same pocket into which he had earlier observed Appellant shove the clear bag. After removing the bag from Appellant's pocket, he finished patting down Appellant's right pants pocket and legs to check for weapons, and

3

upon finishing the frisk, the officer also found a small amount of marijuana in Appellant's right pocket. At that point, the officer placed Appellant under arrest.

A search incident to arrest also recovered "4 bundles and 2 bricks" of suspected heroin from Appellant's crotch area and $1,638. Appx. 132, 136, 137. After finding the suspected heroin, the officer seized Appellant's money and phones.

After he was charged in a one-count indictment for the crime to which he ultimately entered the aforementioned conditional guilty plea, Appellant filed in the District Court motions to suppress the evidence recovered during the traffic stop, statements made during and after the traffic stop, and evidence obtained from search warrants. Appellant's counsel clarified at the hearing before the District Court that the crux of his suppression argument was that the pat-down search was illegal and that anything gathered afterward should be suppressed as the fruit of an unlawful search.

In denying the suppression motions, the Court concluded that the officer did not exceed the scope of a proper frisk under the Fourth Amendment to the Constitution and *Terry v. Ohio*, 392 U.S. 1, 30 (1968), when he seized the bag of powder from Appellant's right pants pocket. On appeal, Appellant challenges the denial of his motion to suppress evidence of illegal narcotics recovered during the frisk for weapons.

**II.**[2]

The Fourth Amendment permits an officer to "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *United States v. Robertson*, 305 F.3d 164, 167 (3d Cir. 2002) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). "[R]easonable suspicion is based on the totality of the circumstances." *United States v. Green*, 897 F.3d 173, 184 (3d Cir. 2018). As part of that stop, the officer may conduct a safety frisk when there are "reasonable grounds to believe that [a suspect] [i]s armed and dangerous." *Terry*, 392 U.S. at 30.

On appeal, Appellant does not contest the legality of the stop, which was premised on a motor vehicle violation. Appellant also does not contest the District Court's conclusion that the officer had reasonable suspicion to order him out of the vehicle and perform a protective pat-down based on the belief that he was armed and dangerous. Appellant limits his appeal to whether the officer exceeded the scope of the *Terry* frisk when he seized the bag of powder from Appellant's right pants pocket.

"[P]olice may seize contraband during a lawful pat-down if the contraband's 'contour or mass makes its identity [as contraband] immediately apparent.'" *United States v. Greene*, 927 F.3d 723, 726 (3d Cir. 2019) (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993)). "This 'plain-feel doctrine' permits an officer to seize an object

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291. "We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and we exercise plenary review over questions of law." *See United States v. Lowe*, 791 F.3d 424, 427 (3d Cir. 2015) (quoting *United States v. Brown*, 448 F.3d 239, 245 (3d Cir. 2006)).

when, given his training and experience, he develops probable cause to believe it is contraband (1) by the time he concludes it is not a weapon and (2) 'in a manner consistent with a routine frisk.'" *Id.* (quoting *United States v. Yamba*, 506 F.3d 251, 257, 259 (3d Cir. 2007)).

Here, the officer, whom the District Court found credible,[3] testified that he feared Appellant may have been concealing some type of weapon, in light of Appellant's actions and the officer's observations prior to the frisk. Indeed, Appellant does not dispute that the officer had legal justification to order Appellant out of the vehicle and perform a protective pat-down.

With regard to the pat-down of Appellant's right pocket, the officer testified that he believed one could conceal a small knife in Appellant's right change pocket. During the protective pat-down in search of a possible weapon, Appellant was able to feel in Appellant's right change pocket what felt like a small amount of powder substance. At that point, based on his substantial experience and his earlier observations of Appellant in

---

[3] Appellant purports to identify inconsistencies between the video footage and the officer's credited testimony regarding what the officer perceived when he approached the car. However, the footage does not contradict the officer's testimony. It simply is inconclusive as to facts such as the placement of Appellant's hands and the visibility of the clear bag. The video was captured in the middle of the night, with lights from the police cruiser and the officer's handheld flashlight pouring into Appellant's car, creating glare on the tinted windows. The body camera also was at a different angle from the officer's eyes, and at times the camera's view of Appellant was obstructed by the passenger-side seat and door. All told, the footage at most fails to confirm the officer's account, but it does not render implausible the District Court's decision to credit the officer's sworn testimony. *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) (explaining that a factfinder's choice between "two permissible views of the evidence . . . cannot be clearly erroneous").

the vehicle, the officer identified what he believed to be a narcotic.[4] He then retrieved it from Appellant's pocket and observed what he believed from his experience to be cocaine.

Under the particular circumstances here, following our review of the record, we conclude the District Court did not commit clear error as to its underlying factual findings and did not err in denying Appellant's suppression motion.[5] *See Greene*, 927 F.3d at 726 (quoting *Yamba*, 506 F.3d at 259); *United States v. Graves*, 877 F.3d 494, 500 (3d Cir. 2017) (affirming denial of suppression motion where district court credited officer's testimony "that he knew the materials in [the defendant's] pockets were consistent in feeling with crack cocaine"); *cf. Karfeld v. United States*, 944 F.2d 583, 585 (9th Cir. 1991) (discussing search that uncovered "a small pocket knife in the watch pocket" of a man's pants). Accordingly, we affirm.

---

[4] The officer's testimony suggests that he believed the powder to be contraband virtually as soon as he touched it, based on what he previously had observed through the car window. In other words, as soon as he felt that it was powder – and not, for example, a blade – he simultaneously believed it was contraband. *See Yamba*, 506 F.3d at 259 ("The proper question . . . [is] what the officer believes the object is by the time he concludes that it is not a weapon.").

[5] In addition to the "plain feel" doctrine, the Government argues that the "plain view" doctrine independently supports the denial of Appellant's suppression motion. Appellant concedes that if this Court "accepts the District Court's findings (with regard to the 'plain feel' doctrine), then [Appellant] cannot dispute that the cocaine was observed in plain view." Appellant Reply 7 n.5. Because we affirm the denial of the suppression motion based on the "plain feel" doctrine, it is unnecessary to address the "plain view" doctrine as another basis for the denial of the suppression motion.